IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALFRED DAVID HARDY, III, #186 078,  Plaintiff, | )<br>)<br>)<br>) |
| v. | ) CIVIL ACTION NO.: 2:15-CV-596-WKW<br>)               [WO] |
| ALA.BAMA DEPT. OF CORR., *et al.*, | ) |
| Defendant. | )<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, challenges matters which have occurred or are occurring in Madison County, Alabama. Madison County is within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Northern District of Alabama.

1

§ 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The allegations in the complaint reflect that a substantial part of the actions about which Plaintiff complains occurred or are occurring within the jurisdiction of the United States District Court for the Northern District of Alabama. The factual allegations set forth in the complaint further reflect that the majority of defendants, material witnesses and evidence associated with those claims relevant to Plaintiff's contentions are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that **on or before September 15, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the

---

[2] In so ruling, the court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

2

District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 31st day of August 2015.

       /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE